# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia



**FILED**
JUN - 3 2025
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

JOSEPH MULLA

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

TERA SALANGO
STEPHANIE ABRAHAM
JENNIFER BAILEY
STATE OF WEST VIRGINIA

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 2:25-cv-00360
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

**I.** **The Parties to This Complaint**

    **A.** **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | STATE OF WEST VIRGINIA |
| Street Address | |
| City and County | CHARLESTON WV. |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address | |

    **B.** **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: TERA SALANGO
- Job or Title (if known): CIRCUIT COURT JUDGE
- Street Address: 111 COURT ST.
- City and County: CHARLESTON, W.V. KANAWHA
- State and Zip Code: WEST VIRGINIA 25301
- Telephone Number:
- E-mail Address (if known):

Defendant No. 2
- Name: STEPHANIE ABRAHAM
- Job or Title (if known): CIRCUIT COURT JUDGE
- Street Address: 111 COURT ST.
- City and County: CHARLESTON KANAWHA
- State and Zip Code: WEST VIRGINIA 25301
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name: JENNIFER BAILEY
- Job or Title (if known): CIRCUIT COURT JUDGE
- Street Address: 111 COURT ST.
- City and County: CHARLESTON, W.V. KANAWHA
- State and Zip Code: WEST VIRGINIA 25301
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name: STATE OF WEST VIRGINIA
- Job or Title (if known):
- Street Address: 1900 KANAWHA BLVD. EAST
- City and County: CHARLESTON KANAWHA
- State and Zip Code: WEST VIRGINIA 20335
- Telephone Number:
- E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question            ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

    b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

JUDGES TERRA SALANGO, STEPHANIE ABRAHAM, AND JENNIFER BAILEY HAVE CONSISTENTLY FAILED TO ADVANCE MY COMPLAINT, THEREBY LEAVING MY GRANDDAUGHTER MM, IN A DANGEROUS SITUATION. REFER TO ADDENDUM

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. THE PLAINTIFF SEEKS AN AWARD OF $5,000,000 IN DAMAGES. THIS AMOUNT REFLECTS THE SIGNIFICANT HARM SUFFERED DUE TO THE DEFENDANTS ACTIONS, WHICH HAVE PLACED HIS GRANDDAUGHTER MM IN ONGOING DANGER AND CAUSED SEVERE EMOTIONAL DISTRESS. THE PLAINTIFF ALSO REQUESTS PUNITIVE DAMAGES TO DETER THE DEFENDANTS FROM FUTURE MISCONDUCT

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

AND TO HOLD THEM ACCOUNTABLE FOR THEIR FAILURE TO PROTECT MY FAMILY.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6-3-25

Signature of Plaintiff: [signature]
Printed Name of Plaintiff: Joseph Mulla

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

ADDENDUM No 1

# UNITED STATES DISTRICT COURT

**COMPLAINT FOR A CIVIL CASE**

**I. The Parties to This Complaint**

## A. The Plaintiff(s)
Name: Joseph D. Mulla
Street Address: 8 Muggleburg Lane
City and County: South Charleston, Kanawha
State and Zip Code: WV 25309
Telephone Number: 304-881-2591
E-mail Address: michaelmulla85@gmail.com

## B. The Defendant(s)

1. Tera Salango, Judge, Kanawha County Circuit Court
2. Stephanie Abraham, Judge, Kanawha County Circuit Court
3. Jennifer Bailey, Judge, Kanawha County Circuit Court
4. State of West Virginia, by and through its Family Court Division, CPS, and Judiciary

**II. Basis for Jurisdiction**

This case involves a Federal Question under 42 U.S.C. § 1983 for violation of civil rights under the United States Constitution, specifically the 14th Amendment Due Process Clause and Equal Protection Clause.

**III. Statement of Claim**

Plaintiff Joseph D. Mulla, acting pro se, brings this action against the above defendants for the systemic failure to protect his granddaughter, M____ M____ and for violating his and M____ constitutional rights under color of state law.

Judge Tera Salango relied on ex parte communications submitted by CPS and third parties to strip Plaintiff of unsupervised visitation rights. She refused to allow Plaintiff to refute the claims, present evidence, or cross-examine any party. Salango then dismissed the case entirely and recused herself.

Judge Stephanie Abraham, who received the complaint

next, also dismissed Plaintiff's complaint without hearing it. She too recused herself shortly thereafter.

The case was assigned to Judge Jennifer Bailey in December 2024. Plaintiff filed an emergency child protection petition documenting serious abuse and dangerous living conditions at M        M        current residence with her grandmother Karen Crawford and mother Samantha Holcomb. Bailey failed to act on this emergency petition for over five months, ignoring Plaintiff's due process right to a prompt hearing and his granddaughter's right to protection.

The house has holes in the roof and floors exposing the child to weather and vermin, over 16 cats, multiple dogs, and a ferret living in unsanitary conditions. Even the court-appointed visitation supervisor documented the overwhelming stench of urine and visible feces in the home. Yet, Judge Bailey ignored these urgent conditions.

Plaintiff's civil rights under 42 U.S.C. § 1983, including:
- Denial of due process (U.S. Const. Amend. XIV)
- Violation of right to a timely hearing (WV Code § 49-4-601(i), requiring hearings within specific timelines for protection)
- Violation of the right to family association (Troxel v. Granville, 530 U.S. 57 (2000))
- Judicial misconduct and deliberate indifference (Dennis v. Sparks, 449 U.S. 24 (1980))
- Potential criminal neglect and endangerment by CPS personnel and those acting in concert under color of law

Judges' refusal to allow evidence, suppressing hearings, and ignoring mandatory judicial duties constitute systemic abuse of power and discrimination against Plaintiff for asserting his family rights.

### IV. Relief

**Plaintiff Joseph D. Mulla respectfully seeks the following relief:**

**1. Compensatory Damages in the amount of $5,000,000 (Five Million Dollars) for the harm suffered as a result of the ongoing civil rights violations, mental distress, reputational harm, and the reckless disregard shown by the defendants toward the Plaintiff and his granddaughter's safety and rights.**

**2. Punitive Damages in an amount to be determined by the court to punish the defendants for their willful and malicious conduct and to deter similar misconduct in the future.**

3. Any additional relief that the Court deems just and proper, including injunctive relief to ensure M̲ ̲M̲'s protection and enforcement of due process rights under the U.S. Constitution.

Plaintiff seeks the following relief:
- Declaratory judgment that his constitutional rights and those of M̲ M̲ were violated.
- Preliminary and permanent injunction requiring an immediate evidentiary hearing.
- Compensatory damages for emotional distress, harm to reputation, legal expenses, and prolonged visitation obstruction.
- Punitive damages against individual judges for malicious and willful misconduct in excess of $500,000.
- Criminal referral to DOJ and West Virginia Commission on Judicial Conduct for obstruction, dereliction of duty, and willful indifference to child endangerment.

V. Certification and Closing

I, Joseph D. Mulla, certify under Federal Rule of Civil Procedure 11 that the foregoing is true and correct to the best of my knowledge.
Date: May 1̲0̲ 2025
Signature: _____
Printed Name: Joseph D. Mulla

Additionally, it must be emphasized that Judge Tera Salango initially issued a court order mandating the removal of all children from the home of Karen Crawford due to concerns about safety and abuse. However, this order was unlawfully overridden by Child Protective Services (CPS), who acted without filing any formal motion or obtaining judicial approval. As a result, my granddaughter, M̲ M̲ was returned to an environment Judge Salango had already determined was dangerous. This unlawful override placed M̲ in direct harm and constitutes a gross failure of due process and judicial oversight. Judge Stephanie Abraham and Judge Jennifer Bailey, both of whom later assumed responsibility for this case, were made fully aware of Judge Salango's original ruling. Despite this, neither judge acted to enforce the original protective order or respond to my emergency filings. Their inaction has further endangered M̲ and deprived me of my rights as a grandparent, as well as M̲ civil right to safety and protection under the law.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**VI. Legal Basis for Jurisdiction and Right to Jury Trial**

This Court has jurisdiction pursuant to:

- 28 U.S.C. § 1331: Federal question jurisdiction for claims arising under the Constitution and laws of the United States.
- 28 U.S.C. § 1343: Jurisdiction over civil rights claims, including those brought under 42 U.S.C. § 1983.
- 42 U.S.C. § 1983: Civil action for deprivation of rights under color of state law.
- U.S. Constitution, Fourteenth Amendment: Protects Plaintiff's right to due process and equal protection.
- U.S. Constitution, First Amendment: Protects the right to speak out against government conduct, including filing court actions.
- West Virginia Constitution, Article III §§ 10 & 17: Guarantees equal protection and access to the courts.

Right to Jury Trial:

- U.S. Constitution, Seventh Amendment: Guarantees the right to a trial by jury in civil cases where the value in controversy exceeds $20.
- Rule 38 of the Federal Rules of Civil Procedure: Guarantees the right to a jury trial on any issue triable by jury and requires the demand to be properly made.
- Rule 39 of the Federal Rules of Civil Procedure: Ensures that once a jury demand is made, the case shall be tried by jury unless waived.
- West Virginia Constitution, Article III § 13: Confirms the right to trial by jury shall remain inviolate.

Plaintiff's claims for compensatory and punitive damages, as well as constitutional violations involving government misconduct, are precisely the kind of civil issues that must be resolved by a jury under both federal and state law. This court is compelled to hear this case under controlling federal authority and provide Plaintiff access to a jury of his peers to evaluate the facts, evidence, and lawfulness of the defendants' actions.

**VII. Improper Prosecutorial Involvement and Judicial Misconduct**

Plaintiff submitted multiple motions to all three presiding judges—Salango, Abraham, and Bailey. Nearly all motions were ignored or dismissed without hearing. Judge Tera Salango was the only judge to allow a hearing on Plaintiff's Motion to Intervene. During that hearing, Judge Salango allowed a prosecutor to object to Plaintiff's motion and speak on the record.

At the time, Plaintiff was not accused of any crime and was not a party to any criminal proceeding. Therefore, the prosecutor had no legal standing to participate or protest Plaintiff's civil motion. This conduct violated Plaintiff's due process rights and demonstrated bias and undue influence in the court proceedings.

Case Law Supporting Plaintiff's Position:
- Polk County v. Dodson, 454 U.S. 312 (1981): A prosecutor's participation must be related to criminal proceedings; interference in civil matters where no charges are filed is inappropriate.
- Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787 (1987): Prohibits participation of prosecutors in cases where they have no jurisdiction or where their involvement presents a conflict of interest.
- In re Gault, 387 U.S. 1 (1967): Due process must be afforded in all proceedings, and no party should face prosecutorial opposition without a formal complaint or charge being filed.
- U.S. v. Griffin, 84 F.3d 912 (7th Cir. 1996): Courts must ensure that prosecutors do not act outside their authority or interfere in matters where they have no legal role.

Judge Salango's decision to allow prosecutorial objection in a private civil motion, where Plaintiff was not a defendant in any criminal matter, constitutes judicial overreach and undermines Plaintiff's fundamental rights.

**VIII. Appellate Interference and Withholding of Court Records**

Plaintiff Joseph D. Mulla filed a civil rights appeal with the Intermediate Court of Appeals of West Virginia. That court accepted jurisdiction over Plaintiff's claims, which centered on the unlawful decision by Judge Tera Salango to combine Plaintiff's case with his son's JA (juvenile abuse and neglect) case. Plaintiff was never charged with abuse or

neglect and had no pending criminal accusations.

Despite this, Judge Salango dismissed Plaintiff's case without a hearing—thereby denying his right to be heard and violating due process under the Fourteenth Amendment. The Intermediate Appellate Court took the case seriously, recognizing on the record that constitutional violations may have occurred.

However, the appellate process was obstructed when Judge Salango refused to release the court transcript of the hearing where the improper consolidation and dismissal occurred. The withholding of this official court record prevented the appellate court from reviewing the factual and procedural history of the violation, effectively shielding Judge Salango's conduct from scrutiny and appellate review.

Legal Authority:
- Brady v. Maryland, 373 U.S. 83 (1963): Withholding evidence or court records relevant to the assertion of constitutional rights is a due process violation.
- Griffin v. Illinois, 351 U.S. 12 (1956): The right to meaningful appellate review includes access to the transcript of the proceedings under challenge.
- Evitts v. Lucey, 469 U.S. 387 (1985): Denial of appellate procedures and deliberate obstruction of appeal rights is a direct violation of due process.

This pattern of obstruction, improper consolidation, and withholding of court records forms part of a coordinated effort by state officials to suppress Plaintiff's access to justice and conceal the misconduct that has harmed both Plaintiff and his granddaughter.

Additional Legal Authority – Withholding Transcripts and Due Process:

The refusal of Judge Tera Salango to provide the hearing transcript constitutes a clear violation of Plaintiff's constitutional right to a meaningful appeal and undermines the integrity of the judicial process.

Federal Authority:
- Griffin v. Illinois, 351 U.S. 12 (1956): The Supreme Court

held that access to a transcript is a basic necessity for meaningful appellate review. The denial of transcripts to an appellant violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment.
- Entsminger v. Iowa, 386 U.S. 748 (1967): The Court ruled that failure to provide a trial transcript on appeal deprives the defendant of effective assistance and meaningful access to the appellate process.
- Hardy v. United States, 375 U.S. 277 (1964): Emphasizes that a full and fair appellate review requires the record of the trial proceedings.
- Draper v. Washington, 372 U.S. 487 (1963): Denying a transcript or substituting it with an inadequate summary is unconstitutional when the accuracy of proceedings is in dispute.

West Virginia Authority:
- State v. Smith, 178 W. Va. 104, 358 S.E.2d 188 (1987): Establishes that the inability to produce a transcript of lower court proceedings for appellate review may require reversal.
- State ex rel. Kidd v. Wilson, 167 W. Va. 665, 280 S.E.2d 231 (1981): The West Virginia Supreme Court held that an appellant is entitled to a fair and adequate record for review, and its absence prejudices the right to due process.
- State v. Byus, 171 W. Va. 437, 299 S.E.2d 334 (1983): Recognizes that the trial court's failure to ensure preservation and availability of critical proceedings can amount to reversible error.

Judge Salango's refusal to produce the transcript, especially when the hearing is central to the violation being appealed, constitutes obstruction of appellate rights and a serious due process breach under both federal and West Virginia constitutional law.

### IX. Suppression of Exculpatory Testimony and Collusion Among Officials

All three presiding judges—Salango, Abraham, and Bailey—along with the assigned prosecutor, Guardian ad Litem Sandra Bullman, CPS personnel, and attorneys involved in the proceedings, were fully aware that Detective Coleman of the Kanawha County Sheriff's Department and CPS official Ivan Lee possessed exculpatory testimony in favor of Plaintiff. Their testimony would directly support Plaintiff's efforts to regain custody of his granddaughter

M. M. and would likely reverse the adverse decisions rendered in this case.

Despite this, their testimony was never allowed to be presented. Instead, the presiding judges enabled and sustained a pattern of suppression, refusing to subpoena or allow entry of these critical witnesses into the record. The omission of their favorable testimony constitutes a flagrant violation of the Plaintiff's due process rights and the child's right to be protected from harm.

Furthermore, there is evidence and consistent practice of ex parte communication between CPS workers, the GAL, and the bench—communications not disclosed to Plaintiff and clearly prohibited under judicial conduct rules. This collusion demonstrates a coordinated effort to silence opposition and conceal the truth.

Legal Authority:
- Brady v. Maryland, 373 U.S. 83 (1963): The suppression by the prosecution of evidence favorable to an accused violates due process.
- Giglio v. United States, 405 U.S. 150 (1972): Suppression of material evidence affecting the credibility of a witness is a due process violation.
- Napue v. Illinois, 360 U.S. 264 (1959): A conviction or adverse judgment obtained through false testimony or suppression of the truth violates the Constitution.
- In re Murchison, 349 U.S. 133 (1955): Due process requires a neutral decisionmaker and forbids any secret or ex parte judicial consultation.

This deliberate orchestration to prevent the truth from being heard in court—by suppressing the testimony of key public officials—further validates Plaintiff's claims that the judicial process in this case has been weaponized against him in violation of both federal and state law.

X. Manipulation of CPS Case Workers and Breach of Confidentiality

Judges Abraham and Bailey knowingly permitted CPS to substitute the original case worker, Nathan Phillips, with another worker whose interpretation of the case was drastically different. This switch occurred despite video evidence showing Nathan Phillips stating in the hallway of the courthouse that CPS was in favor of returning custody

of M. N. to her father. He further stated that the only reason CPS had not moved forward with reunification was due to motions filed by Plaintiff and the existenc...

This clear manipulation of CPS personnel and evidence trails demonstrates judicial complicity in suppressing favorable testimony and obstructing due process. It also violates several legal and ethical standards, including:

- West Virginia Code § 49-5-101: Prohibits public disclosure of information related to child abuse and neglect proceedings by any party, including CPS workers, to unauthorized individuals.
- 42 U.S.C. § 1983: Liability for state actors, including judges and CPS agents, for violation of constitutional rights under color of state law.
- W. Va. Rules of Procedure for Child Abuse and Neglect Proceedings, Rule 6: Restricts the release or discussion of any confidential case details outside of official proceedings.
- U.S. Constitution, Fourteenth Amendment: Denial of due process when favorable witnesses are removed and records manipulated to suppress facts supporting reunification.

The removal of CPS worker Phillips after his favorable position toward reunification was revealed—paired with the installation of a new case worker demanding termination of parental rights—shows a deliberate pattern of retaliatory and biased conduct by the state to punish Plaintiff for exercising his constitutional right to free speech and petitioning the court.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOSEPH D. MULLA, )
Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:25-cv-00310
)
STATE OF WEST VIRGINIA, et al., )
Defendants. )

OBJECTION TO PROPOSED FINDINGS AND RECOMMENDATION (ECF No. 6)

NOW COMES Plaintiff, Joseph D. Mulla, appearing pro se, and respectfully submits this Objection to the Magistr

I. PLAINTIFF ASSERTS PERSONAL CIVIL RIGHTS UNDER § 1983

The Plaintiff, Joseph Mulla, brings this case not on behalf of his granddaughter MM, but to vindicate his own cons

This action alleges that state actors—including CPS officials and judges—violated Mr. Mulla's rights to due proce

Courts have long held that close family relationships warrant due process protection. See Troxel v. Granville, 530

The PFR incorrectly interprets this case as an attempt to litigate on behalf of Plaintiff's granddaughter. To the cont

II. YOUNGER ABSTENTION DOES NOT APPLY

The Younger doctrine does not apply where the federal plaintiff is not a party to the state action or where state pro

III. DOMESTIC RELATIONS EXCEPTION IS INAPPLICABLE

The domestic relations exception applies to divorce, alimony, and child custody disputes—not to civil rights claim

IV. ROOKER-FELDMAN DOES NOT BAR THIS ACTION

Plaintiff does not seek appellate review of a final state judgment, nor was he a party to the final disposition in any

V. REQUEST TO AMEND

Should the Court determine that the complaint lacks specific factual detail, Plaintiff respectfully requests leave to a

CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court REJECT the Proposed Findings and Recommendati

Respectfully submitted,

Joseph D. Mulla
8 Muggleburg Lane
South Charleston, WV 25309
(304) 205-3869
Pro Se Plaintiff
Dated: June 3, 2025