IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH MULLA,

          Plaintiff,

v.                                             CIVIL ACTION NO. 2:25-cv-00360

STATE OF WEST VIRGINIA,
TERA SALANGO,
STEPHANIE ABRAHAM, and
JENNIFER BAILEY,

          Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by standing order entered September 1, 2024, and filed in this case June 4, 2025, is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Pending before the Court is a *Motion to Dismiss* (ECF No. 5), filed July 1, 2025, by Defendants Stephanie Abraham, Jennifer Bailey, Tera Salango (collectively, "Judge Defendants") and the State of West Virginia. Plaintiff Joseph Mulla responded in opposition on July 8, 2025, (ECF No. 7), and Defendants timely replied (ECF No. 8). The matter is ready for adjudication.

For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Defendants' *Motion to Dismiss* (ECF No. 5) be **GRANTED**, Plaintiff's *Motion to*

*Amend* (ECF No. 7) be **DENIED**, and this matter be **DISMISSED** from the Court's docket.

## I.   BACKGROUND

Plaintiff Joseph Mulla, proceeding pro se, filed the initial *Complaint* and attached *Addendum* in this matter on June 3, 2025. (ECF No. 1). In it, Plaintiff brings claims against Defendants Tera Salango, Kanawha County Circuit Court Judge; Stephanie Abraham, Kanawha County Circuit Court Judge; Jennifer Bailey, Kanawha County Circuit Court Judge; and the State of West Virginia, "by and through its Family Court Division, CPS, and Judiciary." (*Id.* at 6). Plaintiff's allegations stem from the judges handling of a custody matter involving the Plaintiff's minor granddaughter, in which Plaintiff claims the Judge Defendants violated his civil rights by "refus[ing] to allow evidence, suppressing hearings, and ignoring mandatory judicial duties," all of which Plaintiff contends "constitute systemic abuse of power and discrimination against Plaintiff for asserting his family rights." (*Id.* at 7). Plaintiff seeks compensatory damages in the sum of $5,000,000, as well as punitive damages, declaratory and injunctive relief, and "criminal referral to DOJ and West Virginia Commission on Judicial Conduct for obstruction, dereliction of duty, and willful indifference to child endangerment." (*Id.* at 8).

On July 1, 2025, Defendants—including the State of West Virginia, which made a special appearance for purposes of asserting certain grounds for dismissal of Plaintiff's *Complaint*—filed the instant *Motion to Dismiss*. (ECF No. 5). Defendants contend that Plaintiff's *Complaint* should be dismissed on the following grounds:

> (1) Defendants are entitled to sovereign immunity under the Eleventh Amendment; (2) Defendants are entitled to common law immunity; (3) Defendants are not "persons" and are, therefore, not subject to suit

pursuant to 42 U.S.C. § 1983; (4) Plaintiff lacks standing to pursue the claims raised in the Complaint; (5) this Court lacks jurisdiction to hear the claims raised in Plaintiff's Complaint; (6) Plaintiff's Complaint fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; (7) this Court should abstain from jurisdiction over Plaintiff's claims pursuant to the Younger-abstention doctrine; (8) this Court should further abstain from jurisdiction under the "domestic relations exception" to jurisdiction; (9) punitive damages cannot be recovered against these Defendants; (10) and this District has already recommended identical claims filed by Plaintiff be dismissed as meritless.

(*Id.* at 1-2).

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure (the "Federal Rules") require a plaintiff's complaint, which is a type of "pleading," to set forth a "short and plain statement of the claim showing that [he or she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this procedural rule is to ensure that a plaintiff's complaint provides the defendant with "fair notice" of the plaintiff's legal claims, and the alleged factual "grounds" for plaintiff's entitlement to relief pursuant to those claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *accord Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). Pursuant to Federal Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may challenge the legal sufficiency of a complaint by filing a motion to dismiss, which posits that, even if the facts alleged by the plaintiff are true, the complaint fails to state "a claim upon which relief can be granted" under the applicable law. *Glessner v. Chardan, LLC*, 22-cv-3333, 2023 WL 4351331, at *2 (D. Md. July 5, 2023) (citing *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); Fed. R. Civ. P. 12(b)(6)).

To survive a motion to dismiss under this minimal standard, the complaint only

needs to set forth enough allegations of fact which, if true, suggest a clearly identifiable legal claim for relief that "is plausible on its face." *Twombly*, 550 U.S. at 556, 570. For a claim to be "plausible," the complaint does not need to include "detailed factual allegations." *Twombly*, 550 U.S. at 555. Further, a complaint should not be dismissed simply because the actual *proof* of those facts is improbable, because recovery is unlikely, or because the legal theory supporting the claim is not stated perfectly. *Id.*; *accord Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). On the other hand, a complaint may not simply rely on bald accusations, conclusory statements, or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). The U.S. Supreme Court has explained that if the complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is proper. *Twombly*, 550 U.S. at 555. In other words, it is fundamentally insufficient for a complaint to be made up of nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Instead, the complaint must plead facts which move the claim beyond the realm of mere possibility and allow the court to draw the reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678.

When reviewing a defendant's motion to dismiss, the Court decides whether the complaint met this standard by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to "reasonably infer" that the plaintiff is entitled to the legal remedy he or she seeks. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Additionally, when a plaintiff is proceeding "pro se"—or in other words, without

4

legal counsel—the Court must "liberally construe" the complaint, meaning that it is held to a less stringent standards than if it had been drafted by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, when a potentially viable complaint is deficient but its shortcomings can be remedied by amendment, the pro-se plaintiff should be given an opportunity to amend the complaint and "particularize" his or her allegations. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."); *Coleman v. Peyton*, 370 F.2d 603, 604 (4th Cir. 1965) (reversing dismissal and explaining that "claims of legal substance should not be forfeited because of a failure to state them with technical precision"). Nevertheless, the requirement of liberal construction does not mean that the Court may ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990) (citing *Iqbal*, 556 U.S. at 685 (2009). Likewise, "a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("[E]ven a solicitous examination of the allegations reveals little on which federal subject matter jurisdiction may be based.") (internal markings omitted). In other words, the mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him or her, or "conjure up questions never squarely presented" to the Court. *Randolph v. Baltimore City*, 14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14,

2014), *aff'd sub nom. Randolph v. New Tech*, 588 Fed. App'x 219 (4th Cir. 2014) (citations omitted) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). *See also Weller*, 901 F.2d at 391 (affirming dismissal where the "complaint fail[ed] to allege anything that even remotely suggests a factual basis for the claim," and explaining that "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate").

Consequently, the Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

### III.    ANALYSIS

In their *Motion to Dismiss*, Defendants cite numerous grounds for dismissal of Plaintiff's *Complaint*, such as sovereign immunity, judicial immunity, and applicable abstention doctrines. However, the Court need not reach those justifications for dismissal, because Plaintiff's claims are barred by the doctrine of res judicata.

Res judicata, also known as "claim preclusion," is a legal doctrine by which "a final judgment on the merits" precludes a party from "contesting matters that they have had a full and fair opportunity to litigate[.]" *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). Thus, under res judicata, "a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979); *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also Evans v. Warden, FCI Cumberland*,

No. ELH-23-128, 2024 WL 1485438, *2-3 (D. Md. Apr. 5, 2024). A court's dismissal of a complaint for failure to state a claim operates as an adjudication on the merits. *See Andrews v. Daw*, 201 F.3d 521, 525 n. 2 (4th Cir.2000) (stating that under Rule 41(b) a dismissal under Rule 12(b)(6) is a final judgment on the merits for purposes of res judicata); *see also Frank v. Home Depot, U.S.A., Inc.*, 481 F.Supp.2d 439, 442 (D. Md. 2007).

In order to avoid "claim-splitting" and prosecution of matters in "piecemeal," res judicata "extends to claims that could have been asserted and litigated in the original suit, even if the claims were not raised." *Evans*, 2024 WL 1485438, at *3 (citing *Clodfelter v. Rep. of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) and *Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)). Therefore, "all claims arising out of a single wrong [must] be presented in one action." *Id.* at *3 (quoting *Lee v. Norfolk S. Ry. Co.*, 802 F,3d 626, 635 (4th Cir. 2015)). Res judicata applies when a second claim "involves the same parties or their privies and arises out of the same transaction or series of transactions, as the first claim." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008); *Evans*, 2024 WL 1485438, at *3. A court may raise the issue of res judicata sua sponte if the court is "on notice that it has previously decided the issue presented." *Id.* at *3 (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)).

Here, Plaintiff filed a nearly identical *Complaint* against Defendants in May 2025 in Case No. 2:25-cv-00310. On August 27, 2025, this Court adjudicated that case on the merits by dismissing the case for failure to state a claim upon which relief could be granted. *See* (ECF No. 9, 2:25-cv-00310). That case involved the same Defendants and dealt with the same alleged wrongs. Accordingly, each of the allegations in Plaintiff's

7

present *Complaint*[1] were previously raised, or should have been raised, in that case. Plaintiff does not get a second bite at the apple simply because he did not like the outcome.

Because each of these claims has been previously adjudicated or involve facts which arise out of the same act, transaction, or occurrence as claims that have been adjudicated on the merits and, therefore, should have been raised in the earlier decided proceedings, the undersigned proposes that the presiding District Judge **FIND** that these claims are barred by the doctrine of res judicata or claim preclusion.

## IV.   RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendants' *Motion to Dismiss* (ECF No. 5) be **GRANTED**, Plaintiff's *Motion to Amend* (ECF No. 7) be **DENIED**, and this matter be **DISMISSED** from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Johnston and to each opposing party,

---

[1]   The undersigned notes that Plaintiff's *Complaint* in the instant case was filed the same day that Plaintiff filed his Objections to Magistrate Judge Aboulhosn's Proposed Findings and Recommendation ("PF&R") in the other case. *See* (ECF No. 1); (ECF No. 6, Case No. 2:25-cv-00310).

8

except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to transmit a copy to counsel of record and any unrepresented party.

ENTERED: August 28, 2025

Dwane L. Tinsley
United States Magistrate Judge