IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH MULLA,

          Plaintiff,

v.                                  CIVIL ACTION NO.  2:25-cv-00360

TERA SALANGO, et al.,

          Defendants.

**ORDER**

Before the Court is Defendants Stephanie Abraham, Jennifer Bailey, Tera Salango, and the State of West Virginia's ("Defendants") Motion to Dismiss. (ECF No. 5.) By standing order, this matter was referred to Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition ("PF&R"). (ECF No. 3.) The parties briefed the motion and Plaintiff Joseph Mulla ("Plaintiff") filed a Motion to Amend Complaint in the alternative. (ECF No. 7.) Magistrate Judge Tinsley filed his PF&R on August 28, 2025, recommending Defendants' motion be granted and Plaintiff's motion be denied. (ECF No. 9.) Plaintiff filed his objections to the PF&R on September 2, 2025, (ECF No. 10), and Defendants responded on September 9, 2025, (ECF No. 11).

This Court is not required to review, de novo or under any other standard, factual or legal conclusions contained within the PF&R to which no objections were addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely file objections constitutes a waiver of de novo review and Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); see also *Snyder*

*v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Although Plaintiff filed objections to the PF&R, the objections are largely nonsensical and do not address any specific error in Magistrate Judge Tinsley's PF&R. For example, Plaintiff raises vague claims relating to "collective judicial bias," "retaliatory conduct by Judge Bailey," "subject matter irrelevant to constitutional violations," and "ex parte communications and denial of defense." (ECF No. 10.) Plaintiff also attached a document to his objections regarding recusal of the Judge Defendants. (ECF No. 10-1.) Because these are general and conclusory objections, this Court need not conduct a de novo review of the PF&R. *Orpiano*, 687 F.2d at 47.

Accordingly, this Court **ADOPTS** the PF&R, (ECF No. 9), **GRANTS** Defendants' Motion to Dismiss, (ECF No. 5), and **DENIES** Plaintiff's Motion to Amend, (ECF No. 7). The Court further **DIRECTS** the Clerk to **REMOVE** this case from the active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 16, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE